IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

COMPUTER AUTOMATION SYSTEMS, INC.                                    PLAINTIFF

v.                                    Case No. 3:12-CV-03146

INTELUTIONS, INC.                                                    DEFENDANT

**ORDER**

Before the Court is Defendant Intelutions, Inc.'s Motion to Hold in Abeyance (Doc. 16).  In the Motion, Defendant asks the Court to hold in abeyance its ruling on Plaintiff's Motion for Preliminary Injunction (Doc. 2) until Defendant's pending Motion to Dismiss for Lack of Jurisdiction and Improper Venue (Doc. 13) is decided.

Initially, the Court observes that "[b]efore a district court can reach the merits of a dispute and enter legally binding orders, it must determine as a threshold matter whether it possesses personal jurisdiction over the defendants." *Falkirk Min. Co. v. Japan Steel Works, Ltd.*, 906 F.2d 369, 372 (8th Cir. 1990).  Unless there is a basis for the Court's personal jurisdiction over a defendant, any orders issued by the court that affect the defendant's rights and privileges will lack legal force. *Land-O-Nod Co. v. Bassett Furniture Indus., Inc.*, 708 F.2d 1338, 1340 (8th Cir. 1983) ("A court must have jurisdiction as a prerequisite to the exercise of discretion.") (quoting *Eighth Regional War Labor Bd. v. Humble Oil & Refining Co.*, 145 F.2d 462, 464 (5th Cir. 1944), *cert. denied*, 325 U.S. 883 (1945)).  "It has long been the rule that a valid judgment imposing a personal obligation or duty in favor of the plaintiff may be entered only by a court having jurisdiction over the person of the defendant." *Kulko v. Superior Court*, 436 U.S. 84, 91 (1978) (citing *Pennoyer v. Neff*, 95 U.S. 714, 732-33 (1878)).

-1-

Accordingly, as the question of the Court's personal jurisdiction over Defendant has now been raised, this issue must take precedence over the merits of Plaintiff's claims.  Therefore, the Court ORDERS that Defendant's Motion to Hold in Abeyance (Doc. 16) is GRANTED, and Plaintiff's Motion for Preliminary Injunction (Doc. 2) will be held in abeyance until such time as Defendant's Motion to Dismiss (Doc. 13) is decided by the Court.

IT IS FURTHER ORDERED that if Defendant wishes to file a response on the merits to Plaintiff's Motion for Preliminary Injunction (Doc. 2), such response must be filed no later than **Friday, February 1, 2013**.

IT IS SO ORDERED this 25th day of January, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE